UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>SARAH ELIZABETH GEORGE,<br><br>Defendant. | Case No. 1:26-cr-00047-BLW-1<br><br>**PROTECTIVE ORDER GOVERNING DISCOVERY** |

To expedite the flow of discovery material between the parties[1] and adequately protect personal identity information, law enforcement-sensitive information, and business records entitled to be kept confidential, it is, pursuant to the Court's authority under Fed. R. Crim. P. l 6(d) and with the consent of the parties, ORDERED:

## Personal Identifying Information

1.      The Government may produce materials containing personal identity information ("PII") as identified in Rule 49.l(a)(1-5) of the Federal Rules of Criminal Procedure to defense counsel, pursuant to their requests or stipulations for discovery. The Government will mark this material as being subject to a protective order. When PII is redacted (by either the Government or the defense) the discovery subject to protective order may be handled as ordinary discovery (for example, the Defendant may maintain copies of discovery subject to protective order once PII is redacted).

---

[1] "The parties" means the Defendant and the United States Attorney's Office for the District of Idaho.

2.      Discovery subject to the protective order must be maintained in the custody and control of counsel for the Defendant. Defense counsel may show the discovery subject to protective order to the Defendant as necessary to assist in preparation of the defense, however, defense counsel may not provide a copy of such materials to the Defendant absent redaction of PII. If defense counsel does show discovery subject to protective order to the Defendant, defense counsel may not allow the Defendant to write down any personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure that is contained therein.

3.      The procedures for use of discovery subject to protective order during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. No party shall disclose PII in open court without prior consideration by the Court.

4.      The Clerk shall accept for filing under seal any documents or filings marked by the parties pursuant to the above paragraphs.

### Scope of this Order

5.      **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

6.      **No Ruling on Discoverability or Admissibility.** This Order does not constitute a ruling on the question of whether any particular material is properly

discoverable or admissible and does not constitute any ruling on any potential objection

to the discoverability of any material.

DATED: April 27, 2026

B. Lynn Winmill
U.S. District Court Judge